FILED
JUL 1 3 2015
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT JENKINS, | ) |
| Plaintiff, | ) ) ) Case: 1:15-cv-01118 |
| v. | ) Assigned To : Unassigned ) Assign. Date : 7/13/2015 |
| THE WASHINGTON REDSKINS, et al., | ) Description: Pro Se Gen. Civil F Deck ) |
| Defendants. | ) ) |

### MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The application will be granted, and the complaint will be dismissed.

The plaintiff alleges that the Washington Redskins, the team's owner and the National Football League wrongfully "made profit . . . from the commercialization of Native Americans by using a patent on a human being," without first entering into an agreement to use their likeness and image. Compl. at 1. He "demands judgment against Defendant[s] in the sum of 27 billion dollars with interest and cost[s]." *Id.* at 2.

"Article III of the United States Constitution limits the judicial power to deciding 'Cases and Controversies.'" *In re Navy Chaplaincy*, 534 F.3d 756, 759 (D.C. Cir. 2008) (quoting U.S. Const. art. III, § 2), *cert. denied*, 556 U.S. 1167 (2009). A party has standing for purposes of Article III if his claims "spring from an 'injury in fact' -- an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal



3

court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Standing may be denied to a litigant who seeks to assert the rights of a third party. *Navegar*, 103 F.3d at 998. In the instant action, plaintiff appears to assert the rights of other individuals, yet he has no standing to assert claims on their behalf. Therefore, the complaint must be dismissed.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: 7/9/15

United States District Judge